HARVEY, Appellant, v. KUHNHOLZ

(March 29, 1926. Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Evidence—Par. 38, 340, 342.

The presumption is that a letter properly addressed and mailed was received by the addressee, and when the presumption is supported by corroborating evidence and circumstances, the fact will be considered as having been established, notwithstanding the denial of the addressee.

Appeal from First City Court, Division "A". Hon. William Alexander Bahns, Judge.

Action by Stanley A. Harvey against Mrs. Lydia Kuhnholz, wife of Sidney Jastram. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. Warren Woodville, of New Orleans, attorney for plaintiff, appellant.

William McL. Fassoux, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, a real estate agent, entered into a contract with defendant, dated March 19, 1922, under the terms of which defendant authorized the sale of two city lots belonging to her for the sum of five hundred dollars. It was agreed that plaintiff was to receive 5 per cent commission if the lots were sold for the amount mentioned and if for more the surplus was to be given the agent in lieu of a commission, and the agent was to have exclusive control of the property during the existence of the contract and his commissions and other compensation to be paid no matter by whom the property was sold.

It was also stipulated that "I will notify my agent in writing and give him ninety days' notice, if I desire this contract discontinued".

The property was sold by the defendant without plaintiff's knowledge on June 10, 1923, for $700.00 and this suit for $200.00 resulted.

Defendant claims to have given plaintiff written notice on August 16, 1922, of her desire to terminate the contract. This is denied by plaintiff.

The issue, therefore, is whether the contract was terminated by written notice as claimed by defendant.

Defendant testifies that she wrote and mailed to plaintiff the following letter on August 16, 1922:

"New Orleans, 8-16-22.
"Mr. S. H. Harvey.
"Dear Sir:
"I beg to state that contract for lots 11 and 12 on Iberville, Louisville, Mouton and Walker Streets have expired and I do not intend to sell them.
            "Respectfully,
                    "MRS. L. JASTRAM."

Her testimony in this regard is as follows:

"Q. I show you a copy of a contract and ask you if this is the contract which you signed, which contract is dated March 19, 1922?
"A. Yes.
"Q. Thereafter did you have any occasion to communicate with Mr. Harvey relative to this contract for the sale of your two lots of ground?
"A. I notified Mr. Harvey by letter that the contract had expired and I intended keeping the lots. After that I heard no more from him until the latter part of 1922 or the first of 1923. He came to me once with an offer of $600.00. I told him

then the contract had expired and I intended keeping the lots.

"Q. How did you notify him relative to the cancellation?

"A. By this letter.

"Q. How was that letter sent?

"A. By mail.

"Q. Is this an exact copy?

"A. Yes.

"Q. When was it mailed?

"A. August 16, 1922.

"Q. Was it mailed on the same day the letter was written?

"A. Yes.

"Q. Who was the letter addressed to?

"A. Stanley A. Harvey, 638 Canal Street.

"Q. Was there anything on the outside of the envelope to show where it should be returned?

"A. Yes.

"Q. Did you receive it back?

"A. No.

"Q. You say in 1922 or the first of 1923 he called and submitted an offer of $600.00?

"A. Yes.

"Q. And you informed him you cancelled the contract. Did he say anything to you relative to having or not having received such a notification?

"A. No, he said I ought to take the offer, and I asked him why he had not put signs up out there, and he said he could not locate the lots."

And at another point in her testimony:

"Q. When Mr. Harvey called on you and submitted to you the $600.00 offer who was present or was there anybody present at that time?

"A. My sister and Mr. Harvey.

"Q. Was she present during all this conversation?

"A. Yes.

"Q. Did Mr. Harvey ever call on you again after that?

"A. No."

Miss Johannah Kuhnholz, defendant's sister, testified:

"Q. You know Mr. Harvey?

"A. Yes, sir.

"Q. You have seen him?

"A. Yes, once.

"Q. Where did you have occasion to see him?

"A. At my home.

"Q. Where is that?

"A. 912 Kelerec Street.

"Q. When was that, do you remember?

"A. Some time in December or January 1923 or 1924.

"Q. What year?

"A. 1923 or 1924.

"Q. Do you remember what transpired at that interview of Mr. Harvey's?

"A. Mr. Harvey told my sister he had an offer for the sale of her lots.

"Q. Did he say how much?

"A. $600.00.

"Q. What did your sister say to him?

"A. She said, 'I have already notified you that I did not want to dispose of my lots. I want to keep them.'

"Q. Did he say anything else?

"A. No."

Plaintiff's counsel argues that the case at bar is controlled by the case of Williams vs. Reith, 149 La. 298, where it was held that the burden of proof rested upon the party asserting the notice was sent to prove it and that mailing the letter only created a presumption of its delivery by the government and receipt by the addressee which must yield to positive evidence, such as the denial of its receipt by the addressee, to the contrary.

But in the instant case two witnesses, interested witnesses, it is true, testify that plaintiff tacitly admitted receiving notice of the cancellation of the agreement. This is a clear preponderance in defendant's favor, without regard to the presumption that the letter was received, which flows from the fact that it was mailed. Besides, plaintiff's acquiescence in the cancellation of the agreement appears at least plausibly shown by his failure to demand the sum of $100.00 which was due him as commission when he obtained an offer for defendant's lots in the sum of $600.00, if this contract was still in force at the time. He explains this inaction by saying that he hoped to make more money by selling defendant a house, which she expressed a desire to buy, and he did not wish to antagonize her. He also offers proof that

he continued to advertise the property for sale at intervals in the daily newspapers practically up to the time it was sold and this he contends is strongly persuasive of his contention that he received no notice of the cancellation of the contract. We must admit the force of this argument, though the advertisements were very inexpensive in appearance and it may have been that plaintiff had forgotten his conversation with defendant, as well as the receipt of the notice or that he hoped to make the sale any way. Be that as it may, we cannot ignore the weight of defendant's evidence as being a preponderance against plaintiff and consequently, we are not at liberty to indulge in conjectures and probabilities. The judgment appealed from is affirmed.